Rosenberry, C. J.
 

 The question presented for decision is whether the evidence offered and received on the hearing sustains the finding of the Industrial Commission that the defendant Lebowitz was entitled to compensation for a total wage loss on account of an injury sustained by him. The plaintiffs contend that the evidence does not sustain a finding that the claimant sustained a loss of more than fifty per cent wage loss by reason of the injury, admitting that the claimant suffered a total wage loss but claiming that fifty per cent is due to senility and natural causes not related to the accident. The extent of wage loss caused by the injury being a question of fact, our inquiry must be directed to whether there is evidence which sustains the finding of the commission.
 

 Applying the well-established rule that where there is credible evidence which supports the finding of the commission, it must be sustained, we find no ground upon which the commission’s finding may be reversed. Plaintiffs’ position is that the sole medical testimony is to the effect that fifty per cent of the disability grows out of the accident and fifty per cent comes from senility and natural causes. The difficulty with plaintiffs’ position is that the evidence given by the only medical witness, Dr. Herbert W. Powers, is not all of the evidence which the commission might have properly considered. Dr. Powers testified:
 

 “Mr. Lebowitz was sixty-one years old when he was injured and a long-healing period of several years brings us into the
 
 *344
 
 age of declining capabilities based on age. As I understand it the temporary disability ceased by the time of my first examination [the injuries occurred September 22, 1936. Dr. Powers first examined him February 1, 1941] and with the fifty per cent of permanent total disability based upon the man as a whole I think that if he were compensated on that basis he would be fairly and adequately compensated for any and all disability he may have as a result of the injury.”
 

 There is no substantial dispute as to the fact that Lebowitz after his injury did only light work and is now totally disabled. It appears that Lebowitz before his injury on September 22, 1936, had worked steadily for the plaintiff Milwaukee Western Fuel Company since 1910. At the time of his injury he was breaking concrete and passing the blocks to one who was standing at the top of the pit. These blocks weighed forty to fifty pounds. Lebowitz was hit on the head by one of these blocks weighing about forty pounds, dropping seven feet. Prior to the accident he did not suffer from headaches or dizziness. He suffered from stomach ulcers about 1930 and was away from work on account of that illness about eight months. Pie had an operation for kidney stones in 1931 and for hernia in 1932; otherwise his health had been good. His son testified that prior to the accident his father showed no signs of senility and was active and energetic. The fact that he was handling blocks weighing from forty to fifty pounds and lifting them out of the pit to someone on the top of the pit is pretty convincing- evidence that he was physically able immediately prior to his injury. Lebowitz testified that he now suffers from dizzy spells and headaches; that from the time of his injury these have grown continually worse; that after his injury he never did any remunerative work; that about all that he has done is to help with the housework, shovel' snow, and go on errands; that his dizziness and weakness prevented his working for more than short periods of time.
 

 
 *345
 
 Dr. Powers was a very fair and convincing witness but a consideration of his testimony might well give rise to the conclusion that he was attempting tO' distribute the cause of claimant’s impairment between natural causes and his injury. We do not understand it to be the law that because of the age and the physical condition of claimant he might sustain a greater injury from the fall of the block upon his head than he would if in unimpaired health, that he is not entitled to be compensated for his wage loss measured by the actual results of the injury upon his wage-earning capacity.
 

 Dr. Powers first examined the claimant on 'February 1, 1941, which was more than four years after the claimant sustained his injuries. Such knowledge as Dr. Powers-had of the condition of the claimant previous to his injury must have been derived from a history of the case.
 

 Under all the facts and circumstances of this case it is considered that the commission was not bound by the testimony of Dr. Powers and might base its finding as it did upon the whole evidence.
 

 By the Court.
 
 — Judgment affirmed.